**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIN CANTON )<br>Plaintiff, )<br>        )<br>    v.    )<br>        )<br>MERCY LIFE CENTER CORPORATION, )<br>d/b/a PITTSBURGH MERCY FAMILY )<br>HEALTH CENTER, )<br>        )<br>Defendant. )<br>        ) | Civil Action No. 25-0700<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**
**ON DEFENDANT'S PARTIAL MOTION TO DISMISS**
**AND PLAINTIFF'S MOTION TO STRIKE**

**I.    INTRODUCTION; FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Erin Canton brings this action through her three-count Complaint, filed in the Allegheny County Court of Common Pleas on April 11, 2025, removed to this Court by Defendant on May 22nd, and alleging that Defendant violated the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments of 2008, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act 43 P.S. § 951, *et seq.* ("PHRA"). (Docket No. 1-2). In particular, Plaintiff alleges that Defendant, which employed her as a full-time residential care provider from approximately June, 2022 through February, 2024, was informed of her disabilities and request for accommodation in the first month of her employment and thereafter (1) initially agreed to but failed to provide accommodation; (2) inappropriately denied, through its third-party insurer, accommodation and denied Plaintiff the opportunity to provide supplemental evidence in support of her request; and (3) further discriminated against

1

Plaintiff through a specified rapid sequence of adverse employment actions, up to and including termination. (*See generally* Docket No. 1-2). Her claims under the ADA and PHRA thus include: Count I – Disability discrimination, Count II – Failure to accommodate, and Count III – Retaliation. (*Id.* at ¶¶ 66-118). Plaintiff also alleges that her Charge of Discrimination ("Charge") was filed with the Equal Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on April 29, 2024, her Notice of Right to Sue issued on February 29, 2025, and this action was then timely filed. (*Id.* at ¶ 22).[1]

Presently before the Court is a Partial Motion to Dismiss brought by Defendant pursuant to Federal Rules of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's claim of retaliation under the ADA and PHRA (Count III) on grounds of Plaintiff's failure to articulate that claim in her Charge, *i.e.*, her failure to exhaust the administrative remedies. (Docket No. 4). Also pending is a Motion to Strike, brought by Plaintiff on grounds of Defendant's non-conformance with this Court's requirement that the parties meet and confer prior to the filing of a motion under Rule 12(b)(6), and that the filing party so certify with its motion. (Docket No. 10).

Both motions have been fully briefed and are ripe for disposition. (Docket Nos. 5, 12 through 15).[2] After consideration of the parties' arguments, together with other applicable law,

---

[1] That Charge includes assertions that:

> 1. During her employment with [Defendant], [Plaintiff] was forced to endure discriminatory treatment on the basis of her disabilities, including [Defendant]'s failure to accommodate her and subsequent discrimination *based on her disabilities and for requesting accommodation*, including termination.
>
> * * *
>
> 48. *Additionally*, [Defendant] further discriminated against [Plaintiff] based on her Disabilities *through a series of adverse employment actions following [Plaintiff]'s request for accommodation*, in contravention of the ADA and the PHRA.

(Docket No. 13-1) (emphasis added).

[2] The Court notes that Defendant filed its Partial Motion to Dismiss and its Answer (Docket Nos. 4 and 6) on May 29, 2025, and the Court's standard Orders on Motions Practice and Rule 12(b)(6) were entered on June 5th. (Docket Nos. 8 and 9).

and for the following reasons, Defendant's Partial Motion to Dismiss is denied on its merits, and Plaintiff's Motion to Strike is denied as moot.

## II.  APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility exists somewhere between "possible" and "probable." The former necessitates factual allegations that are "more than merely consistent with a defendant's liability." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). But the latter only demands that the court be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1937 (citations omitted). In keeping with Rule 8 of the Federal Rules of Civil Procedure, detailed allegations are not necessary; however, the complaint must contain "more than labels and conclusions" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a three-step process in evaluating a Rule 12(b)(6) motion to dismiss. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022). First, the court must set out the elements of the plaintiff's claim; second, identify and disregard any "formulaic recitation of the elements" or allegations that are "so threadbare or speculative" as to amount to nothing more than mere conclusory statements; and, finally, evaluate "the plausibility of the remaining allegations" by assuming their veracity and "construing them in the light most favorable to the

plaintiff[.]"  *Id*. at 327-328 (alteration, internal quotation marks, and citations omitted).  In addition, courts must draw all reasonable inferences in favor of the plaintiff.  *See e.g., Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-791 (3d Cir. 2016); *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

A court deciding a motion to dismiss may consider "document[s] integral to or explicitly relied upon in the complaint . . . without converting the motion to dismiss into one for summary judgment."  (Docket No. 5 at 3) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.   ANALYSIS

A "plaintiff who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5." (Docket No. 5 at 4) (quoting *Itiowe v. NBC Universal Inc*., 556 F. App'x 126, 128 (3d Cir. 2014); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA)).  (*Id.* at 4 n.2) (also correctly observing that the PHRA similarly requires exhaustion of administrative remedies) (citing 43 Pa. C.S. § 962(c); *Bailey v. Storlazzi*, 729 A.2d 1206, 1214 (Pa. Super. 1999)).

In determining whether the allegations in a complaint have been properly exhausted, courts consider "whether the acts alleged . . . are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996), *Gardner v. SEPTA*, 824 F. App'x 100, 105 (3d Cir. 2020) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984) (*per curiam*)).  "The purpose of requiring exhaustion of administrative remedies is to afford the EEOC an opportunity to settle disputes and avoid unnecessary action in court." Docket No. 5 at 5 (citing *Antol*, 82 F.3d at 1296).

First, to establish a claim for retaliation, Plaintiff must prove: "(1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004); *Lackey v. Heart of Lancaster Regl. Med. Ctr.*, 704 Fed. Appx. 41, 49–50 (3d Cir. 2017).

Second, as Plaintiff notes, a request for accommodation under the ADA constitutes a "protected activity". (Docket No. 1-2 at ¶ 104) (citing *Orzech v. Muhlenberg Township*, No. 5:18-cv-03938, 2019 WL 453570, at *6 (E.D. Pa. Nov. 22, 2019); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 190 (3d Cir. 2003); *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010)).

Third and finally, the scope of Plaintiff's Charge, as well as the investigation arising therefrom, fairly encompassed a claim of retaliation, *i.e.*, that Defendant subjected her to a rapid series of adverse employment actions, including suspensions and termination, after she engaged in protected activity by requesting accommodation for her disabilities. (Docket No. 13 at 3-5; Docket No. 13-1). *See also supra,* n.1.[3]  The applicable standard under which the Charge is

---

[3] *Cf.* Docket No. 13 at 4 (quoting Plaintiff's Charge at ¶¶ 46 and 48); *id.* at 5 (observing that there is a minimal semantic distinction between the verb forms of 'retaliation' and 'discrimination' in this context); Docket No. 14-1 at 3 (averring that "the distinction is immaterial in the scope of a 12(b) motion").  That is, the facts alleged in the Charge (and thereafter in this action) support plausible inferences that Defendant both (a) discriminated against Plaintiff because it became aware that she is disabled and (b) retaliated against Plaintiff because, as a disabled person, she requested that Defendant provide accommodation.

In other words, here – as in countless other actions – more than one cause of action reasonably arises from the circumstances articulated.  *Compare* Docket No. 15 at 2 (Defendant's Reply) (averring entitlement to dismissal because "discrimination and retaliation are separate and distinct actions and give rise to separate and distinct claims").

For these reasons, the Court finds Defendant's citation to *Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014) (per curiam)  - affirming dismissal of *gender* discrimination claim from lawsuit where Charge alleged only national origin, age, and retaliation discrimination – inapposite. (Docket No. 15 at 1).  And it finds Defendant's citation to *Hoffman v. R.I. Enters., Inc.*, 50 F. Supp. 2d 393, 400 (M.D. Pa. 1999) - denying class certification on grounds of

considered does not require that it have included the word, as well as the circumstances sufficient to, "retaliation".

The Court will therefore deny Defendant's motion to dismiss Count III and, having readily reached this result on the parties' briefing and law, it will also deny Plaintiff's pending motion to strike as moot. In so doing, the Court notes that - although Defendant avers that Plaintiff's response to Defendant's communication of intent to move to dismiss the retaliation claim and offer to meet and confer made it "apparent . . . that the parties would be unable to reach an agreement that would obviate [Defendant]'s filing" - Defendant's chosen course violated the letter, if not the spirit, of the Court's requirement that they "meet and confer".[4]

## IV.  CONCLUSION

After reviewing the pending motions, and for the reasons set forth above, the Court enters the following Order on this 30th day of June, 2025:

---

definitional distinctions between class-based discrimination claims and individual hostile work environment claim alleged in Charge –unsupportive of Defendant's assertion that Plaintiff failed to exhaust her administrative remedies because her counsel, in filing the Charge, failed to allege/address the distinct elements of a retaliation claim. (Docket No. 15 at 2-3).  *See supra*, text at pp. 4-6.

[4] (Docket No. 14 at 1).  *But see* Docket No. 14-1 at 2 (Plaintiff counsel's email identifying its willingness and specific times of availability "to chat" as well as its basis for disagreement); Docket No. 9 at 2 (referring parties to the Local Rules of this Court and the undersigned's Practices and Procedures).  *Cf.* Docket No. 14 at 1 (asserting that Plaintiff's representation that "Defendant did not meet and confer with Plaintiff" was "false").

## ORDER

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Docket No. 4) is DENIED, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Docket No. 10) is DENIED as moot.

**IT IS FURTHER ORDERED** that an initial Case Management Conference will be held via video on the **14th** day of **July**, 2025 at **9:30 a.m**. The Court's law clerk will circulate conference call dial-in information in advance.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record